**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MANANI AKBAR,** | : | **CIVIL NO. 3:16-CV-1556** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **DAUPHIN COUNTY PRISON,** | : | |
| **JEFFREY T. HASTE, LIEUTENANT** | : | |
| **EMANUEL ROSE,** | : | |
| | : | |
| **Defendants** | : | |

**MEMORANDUM**

Presently before the court is a civil rights complaint filed by Manani Akbar

"plaintiff"), an inmate incarcerated at the Dauphin County Prison, Harrisburg, Pennsylvania.

(Doc. 1.)  Named as defendants are the Dauphin County Prison, Jeffrey T. Haste ("Haste"),

and Lieutenant Emanuel Rose ("Rose").  Plaintiff seeks to proceed *in forma pauperis*.  (Doc.

2).  Obligatory preliminary screening reveals that the complaint is subject to dismissal

pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

**I.      Standards of Review**

Section 1915(e)(2)(B) states, in pertinent part, "the court shall dismiss the case at any

time if the court determines that the action "(I) is frivolous or malicious;  (ii) fails to state a

claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who

is immune from suit."  28 U.S.C. §1915(e)(2)(B)(i) - (iii).  The applicable standard of review

for the failure to state a claim provision is the same as the standard for a motion pursuant to

12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When ruling on a Rule 12(b)(6) motion, the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint in the face of a Rule 12(b)(6) motion, the court must conduct a three-step inquiry. See Santiago v. Warminster Twp., 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' " Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim should be separated; well-pleaded facts must be accepted as true, while mere legal conclusions may be disregarded. Id.; see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Once the well-pleaded factual allegations have been isolated, the court must determine whether they

2

are sufficient to show a "plausible claim for relief." Iqbal, 556U.S. at 679 (citing Twombly,

550 U.S. at 556); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to

"raise a right to relief above the speculative level"). A claim "has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

## II.    Allegations of the Complaint

Plaintiff alleges that, while he was incarcerated at the Dauphin County Prison, he was

denied evening recreation and denied fresh air while in the gym because of a safety and

security risk. (Doc. 1, pp. 2-3). He further alleges that the denial of evening recreation and

fresh air by defendants was "mere carelessness and a lack of effort/diligentness" and

"negligent." (Id. at 3). He avers that defendants Haste and Rose denied his grievances

concerning these conditions.

He seeks compensation for pain and suffering and would like the practice of being

denied fresh air to cease. He would also like to be afforded evening recreation. (Id.).

## III.   Discussion

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute

provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an

3

action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).  Thus, § 1983 limits liability to persons who violate constitutional rights.

### A.     Dauphin County Prison

Plaintiff names the Dauphin County Prison as a defendant.  However, a county jail is not a proper defendant because it is not a person and therefore, not subject to suit under 42 U.S.C. § 1983.  See Fischer v. Cahill, 474 F.2d 991, 992 (3d Cir. 1973) (holding that a "state agency may not be sued under 42 U.S.C. § 1983 since it is not a person"); Nesmith v. Beaver County Jail, Civ. A. No. 11–388, 2012 WL 3245495 at *11 (W.D. Pa. Aug.8, 2012) (finding that the jail is not an entity that is properly subject to suit and would be dismissed as a defendant even if complaint was not deficient.)  Consequently, the complaint against the Dauphin County Prison is subject to dismissal.

4

**B.     Defendants Haste and Rose**

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)).  In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence."  Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08.  Plaintiff seeks to impose liability on Haste and Rose, not because they had any direct involvement in the conduct of which he complains but, rather, because he notified them of the alleged denial of recreation and fresh air *via* the grievance procedure and they denied his grievance or failed to take action.  An inmate's allegation that prison officials and administrators responded inappropriately, or failed to respond to, a prisoner's complaint or grievance, does not establish that the officials and administrators were involved in the underlying unconstitutional conduct.  See Rode, 845 F.2d at 1207-08 (concluding that after-the-fact review of a grievance is insufficient to demonstrate the actual knowledge necessary to establish personal involvement); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (same); see also, Pressley v. Beard, 266 F. App'x 216, 218 (3d Cir. 2008) (finding that the district court properly dismissed prison officials named in a prisoner's § 1983 action who were sued "based on their failure to take corrective action when grievances or investigations were referred to them").  Hence, the claim against defendants Haste and Rose, which solely arises out of their failure to satisfactorily resolve his grievances, will be

dismissed given their lack of personal involvement in the alleged denial of recreation and fresh air.

Alternatively, even had plaintiff set forth sufficient allegations of personal liability, the complaint would still be subject to dismissal.  Plaintiff complains of the denial of fresh air in the gym and the denial of evening recreation. "The Cruel and Unusual Punishments Clause of the Eighth Amendment proscribes 'punishments which are incompatible with the evolving standards of decency that mark the progress of a maturing society.' " Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 417 (3d Cir. 2000) (footnote omitted) (quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)).  In order to state an Eighth Amendment claim, a plaintiff must allege "a sufficiently serious objective deprivation" that poses "a substantial risk of serious harm" to his health or safety. Tillman, 221 F.3d at 418; Farmer, 511 U.S. at 834. The objective component is narrowly defined.  "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  The Eighth Amendment does not mandate that prisons be free of discomfort. Hudson v. McMillian, 503 U.S. 1, 9 (1992).  Only "extreme deprivations" are sufficient to make out an Eighth Amendment claim. Id.  A prisoner must show that the condition, either alone or in combination with other conditions, deprived him of "the minimal civilized measure of life's necessities," or at least a "single, identifiable human need." Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991) (citing Rhodes, 452 U.S. at 347).  These needs

include "food, clothing, shelter, sanitation, medical care and personal safety." Griffin v.

Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  "In reviewing this type of claim, courts have

stressed the duration of the complainant's exposure to the alleged unconstitutional conditions

and the 'totality of the circumstances' as critical to a finding of cruel and inhumane

treatment.  Mitchell v. Dodrill, 696 F. Supp. 2d 454, 466 (M.D. Pa. 2010), quoting Rhodes,

452 U.S. at 362–63.   Moreover, the focus must be on the deprivation of a particular basic

necessity, as explained by the United States Supreme Court:  "Some conditions of

confinement may establish an Eighth Amendment violation 'in combination' when each

would not do so alone, but only when they have a mutually enforcing effect that produces the

deprivation of a single, identifiable human need such as food, warmth, or exercise-for

example, a low cell temperature at night combined with a failure to issue blankets. To say

that some prison conditions may interact in this fashion is a far cry from saying that all prison

conditions are a seamless web for Eighth Amendment purposes.  Nothing so amorphous as

'overall conditions' can rise to the level of cruel and unusual punishment when no specific

deprivation of single human need exists." Wilson v. Seiter, 501 U.S. 294, 304-05 (1991).

See also Tillery v. Owens, 907 F.2d 418, 427 (3d Cir. 1990) (elaborating on factors to be

considered, including "food, medical care, sanitation, control of vermin, lighting, heating,

ventilation, noise level, bedding, furniture, education and rehabilitation programs, safety and

security and staffing") (citing Peterkin v. Jeffes, 855 F.2d 1021, 1025–26 & n. 7 (3d Cir.

1988)).

      Plaintiff's allegations that he was denied fresh air while in the prison gym, and that he

was denied evening recreation, do not constitute deprivations of "the minimal civilized measure of life's necessities." See Bacon v. Minner, 229 F. App'x 96, 99 (3d Cir. 2007) (holding that an Eighth Amendment claim could not stand where the prisoner "merely alleged a change, and subsequent reduction, in the recreation schedule . . . rather than a complete elimination of exercise for inmates"); see Wishon v. Gammon, 978 F.2d 446, 449 (8th Cir. 1992) (finding that forty-five minutes of exercise per week not constitutionally infirm); Knight v. Armontrout, 878 F.2d 1093, 1096 (8th Cir. 1989) (holding that 13–day deprivation of recreation was not unconstitutional).

Moreover, to the extent that he seeks compensatory damages, Section 803(d) of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(e), predicates a prisoner's claim for mental or emotional injury suffered while in custody on a showing of accompanying physical injury.  Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003).  Section 1997e(e) has been read to require more than a *de minimis* physical injury before an emotional injury may be alleged.  Id.  The complaint is devoid of any allegations of an accompanying physical injury.

## IV.   **Leave to Amend**

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave [to amend] sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962)

(interpreting Federal Rules of Civil Procedure); FED. R. CIV. P. 15(a)(2).  Affording plaintiff an opportunity to amend would clearly be futile as he is unable to state a claim against any of the named defendants or any potential individual defendants.

**V.**     **Conclusion**

For the reasons set forth above, the complaint (Doc. 1) will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).   An appropriate order will issue.


**BY THE COURT:**


**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**


Dated:   October 6, 2016